IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 7:19-cv-00189 |
| | ) | |
| LMC SAFETY BARRICADE | ) | By: Elizabeth K. Dillon |
| CORPORATION, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**<u>OPINION AND ORDER GRANTING MOTIONS TO DISMISS IN PART AND
GRANTING PLAINTIFF LEAVE TO AMEND</u>**

Pending before the court are two motions to dismiss (Dkt. Nos. 3 and 9) filed by LMC Safety Barricade Corporation and Summit Materials, respectively. Both motions ask that plaintiff's complaint be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state any claim upon which relief can be granted. In plaintiff's response in opposition to the two motions, plaintiff has sought leave to amend his complaint if the court deems it insufficient. (Dkt. No. 20.) Briefing has concluded, and a hearing set. The court determines, however, that a hearing is not necessary in this case because the materials before it adequately present the facts and legal conclusions. *See* W.D. Va. Civ. R. 11(b); Fed. R. Civ. P. 78(b). For the reasons set forth below, the court concludes that plaintiff's complaint fails to state a claim, but it will grant leave to amend, under Federal Rule of Civil Procedure 15(a), instead of dismissing the complaint with prejudice.

Plaintiff attempts to plead claims for negligence, gross negligence, and nuisance in this case involving a motorcycle accident in September 2017 in Buchanan, Virginia. Defendants were contractors conducting repair work or maintenance on Route 11 at the time. According to

the complaint, defendants performed their duties in a negligent or grossly negligent manner, failed to warn of a dangerous road condition, and failed to provide necessary temporary traffic controls. Defendants are alleged to have violated laws and statutes of the Commonwealth of Virginia including, but not limited to, the Virginia Work Area Protection Manual and the Manual of Uniform Traffic Control Devices.[1] The complaint also alleges that defendants created and maintained the road in an unreasonably dangerous condition that constituted a public nuisance and it generally refers to "an unauthorized obstruction." (Compl. ¶ 25, Dkt. No. 1.) These acts allegedly cause injury to plaintiff.

While Federal Rule of Civil Procedure 8(a)(2) states that a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must give a defendant fair notice of the claim and include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, as defendants note, the complaint is devoid of facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's attempts to reconstitute the complaint by relying on matters outside its four corners are not proper. Moreover, plaintiff's argument that alleging more would invade attorney work product and trial strategy is without merit. The complaint's bare assertions here are simply not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

For these reasons, it is ORDERED that defendants' motions to dismiss are GRANTED IN PART (Dkt. Nos. 3 and 9) because the complaint fails to state a claim, but plaintiff's request for leave to amend (Dkt. No. 20), included in his brief, is also GRANTED. It is further ORDERED that plaintiff shall file any amended complaint not later than 14 days after entry of this order and that the hearing currently scheduled for July 9, 2019, is CANCELLED. The

---

[1] The court is not aware that these manuals constitute laws and statutes of the Commonwealth of Virginia.

defendants shall file responsive pleadings not later than 14 days after plaintiff files his amended complaint.

Entered: July 1, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge