IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD POWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:19-cv-189 |
| BOXLEY MATERIALS COMPANY | ) By: Elizabeth K. Dillon |
| Defendant. | ) United States District Judge |

**MEMORANDUM OPINION**

On the night of September 20, 2017, plaintiff Richard Powell was injured in a single-vehicle motorcycle accident on Route 11 in Buchanan, Virginia. Route 11 was in the process of being milled and repaved by defendant Boxley Materials Company[1] (Boxley). Powell contends that Boxley failed to warn Powell of the dangerous condition of the road created by Boxley, which failure caused the accident and Powell's injuries. This matter is before the court on Boxley's motion for summary judgment. (Dkt. No. 67.) As noted at the hearing and for the reasons stated below, the court will deny the motion for summary judgment.

I. BACKGROUND

In February 2017, defendant Boxley entered a contract with the Virginia Department of Transportation (VDOT) to provide milling and paving on Route 11. (Contract, Pl. Ex. A, Dkt.

---

[1] Powell originally sued defendants "LMC Safety Barricade Corporation" and "Summit Materials d/b/a Boxley Materials Company." Powell has subsequently settled with defendant LMC Safety Barricade Corporation; therefore, LMC has been terminated. Further, on November 16, 2021, the remaining defendant filed an unopposed motion to correct the misnomer in Powell's amended complaint (Dkt. No. 179), which was granted by oral order. (Dkt. No. 220.) The remaining defendant is properly named Boxley Materials Company.

No. 75-1.)  The contract required that all work be in accordance with the Virginia Work Area Protection Manual (VWAPM) and the Virginia Supplement to the Virginia Manual for Uniform Traffic Control Devices (MUTCD).  (*Id.* at 49.)  The contract also required Boxley to place "end of day" signage to warn drivers of the ongoing construction.  (*Id.* at 66.)  More specifically, the contract required the following warning signs: "Bump"; "Uneven Lanes"; "Road Work Ahead"; "Stay in Lane."  (*Id.* at 68.)

The project consisted of milling out a section of road and then repaving it.  (McWane Dep. 59, Def's Ex. 3, Dkt. No. 68-3.)  In the interim, a two-inch drop would exist between the milled and unmilled sections of the road.  (Light Dep. 37–38, Def's Ex. 5, Dkt. No. 68-5.)  If a section of road was left unmilled at the end of the day, Boxley would create ramps on both ends of the milled road to assist with entry and exit.  (*Id.*)  On the day of Powell's accident, Boxley was engaged in milling and paving the right lane of the two-lane road northbound on Route 11 when a thunderstorm disrupted the job.  (*Id.* at 40.)  The right lane was left with approximately half a mile of milled road at the end of the day.  (*Id.*)  Boxley placed some end-of-day signage.  (*See e.g.,* Ride Along Video 1:14.)

Around noon on September 20, 2017, Richard Powell departed Townsend, Tennessee, on his motorcycle en route to Lexington, Virginia, a pit stop on his way home to Pennsylvania.  (Powell Dep. 31–33, Def's Ex. A, Dkt. No. 68-1.)  Sometime after 9:00 p.m. on Interstate 81, Powell encountered bumper-to-bumper traffic resulting from construction.  (*Id.* at 233.)  Powell took a detour on Route 11.  (*Id.* at 233–34.)  Powell, travelling in the left lane of the two-lane road, noticed a "Road Work Ahead" sign, a merging lane sign, and street signs.  (*Id.* at 242, 263;

2

Ride Along Video[2] 2:00.) Powell felt a change from smooth pavement into milled road. (Powell Dep. 242, 272, Def's Ex. A, Dkt. No. 68-1.) Powell rode on the milled road for "a second" until the front wheel of his motorcycle hit "a ridge," which he believes was the juncture of the milled portion of the road and the unmilled pavement. (*Id.* at 272, 350.) The motorcycle shook, and Powell flew over the handlebars. (*Id.* at 272.) He sustained serious injuries.

Officers and firefighters from the Buchanan Volunteer Fire Department (BVFD) arrived at the scene of the accident. A member of the BVFD videorecorded the trip from the fire station to the accident scene. The video shows that once the firetruck reaches the relevant two-lane portion of Route 11, signage is visible on the right shoulder in the following order: "Road Work Ahead"; "Stay in Lane; "Do Not Pass"; "Right Lane Ends"; "Road Work Ahead"; and a merge sign. (Ride Along Video 1:14, 1:19, 1:27, 1:45, 1:58.) No other signage is visible in the video.

Powell sued Boxley and one of its subcontractors, LMC Safety Barricade Corporation (LMC)[3], for negligence, gross negligence, and nuisance. (Am. Compl., Dkt. No. 27.) Powell and LMC subsequently settled. Thus, LMC has been terminated as a defendant. Boxley moved for summary judgment (Dkt. No. 67), and the motion was fully briefed and argued. At the hearing on the motion, Powell withdrew the gross negligence and nuisance claims—only the negligence claim remains.

II. ANALYSIS

A. Standard of Review

---

[2] A firefighter with the Buchanan Volunteer Fire Department videorecorded the trip from the fire station to the accident scene. The parties stipulated to the authenticity and admissibility of the Ride Along Video.

[3] LMC was subcontracted to provide lane closure set-up and take-down during the milling and paving work. (Pl. Ex. B, Dkt. No. 75-2.)

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## B. Powell's Negligence Claim

Powell's sole remaining claim against Boxley is for common law negligence. Boxley argues that there is no genuine dispute of material fact that Boxley was not negligent. Further, Boxley argues that Powell's negligence claim is barred because he was contributorily negligent. Powell contests that there are genuine disputes of material fact and that Boxley was negligent per se because it failed to comply with the Virginia Work Area Protection Manual (VWAPM) and the Virginia Supplement to the Virginia Manual for Uniform Traffic Control Devices (MUTCD).

1. **Contributory Negligence**

Boxley argues that Powell was contributorily negligent as a matter of law because he changed lanes from the unmilled left lane to the milled right lane despite the posted "Stay in Lane" sign. "Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Jenkins v. Pyles,* 611 S.E.2d 404, 407 (Va. 2005). "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder." *Est. of Moses ex rel. Moses v. Sw. Va. Transit Mgmt. Co.*, 643 S.E.2d 156, 160 (Va. 2007). "The issue becomes one of law for the [] court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence." *Jenkins*, 611 S.E.2d at 407.

It is undisputed from the Ride Along Video that a "Stay in Lane" was present. (Ride Along Video 1:19.) But how the accident occurred is clearly in dispute. Boxley relies on Powell's deposition testimony to conclude that Powell moved from the left lane to the right lane before crashing; however, that is not at all clear from the record. Powell stated that he stayed in the left lane the whole time. (Powell Dep. 249, Def's Ex. A, Dkt. No. 68-1.) The scene of the accident occurred near the point where the left lane and the right lane merge together as evidenced by the "Right Lane Ends" sign and the merge sign that were present. (Ride Along Video 1:45, 1:58.) Powell argues that he did not switch lanes. Powell contends that the accident happened where the two lanes merged—the milled road extended into the juncture of the two lanes. It is not clear from the record where the milled right lane stopped in relation to the merger or where exactly the accident occurred. Whether or not Powell switched lanes or stayed in his

5

lane is clearly a genuine dispute of material fact, which is properly resolved by the jury, not this court.

### 2. Negligence Per Se

Powell argues that Boxley was negligent per se because it failed to provide signage required by the VWAPM and the MUTCD. A claim of negligence per se requires a showing that: (1) the defendant violated a statute that was enacted for public safety; (2) the plaintiff belongs to the class of persons for whose benefit the statute was enacted, and that the harm that occurred was of the type against which the statute was designed to protect; and (3) the statutory violation was a proximate cause of his injury. *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (Va. 2000) (collecting cases).

In *Evans v. Evans*, the Supreme Court of Virginia explained, "The doctrine of negligence per se represents the adoption of 'the requirements of a legislative enactment as the standard of conduct of a reasonable [person].'" 695 S.E.2d 173, 177 (Va. 2010) (citing *McGuire v. Hodges*, 639 S.E.2d 284, 288 (Va. 2007)). The court explained that a plaintiff cannot rely on a statute to establish negligence per se when "the General Assembly plainly indicate[s] that it [is] not created a statutory standard of care…" *Id.* The Court held that statutes stating a violation "shall not constitute negligence," and a violation "shall not constitute negligence per se" could not be used to support claims of negligence per se. *Id.*

Boxley argues that, like the statutes at issue in *Evans*, violations of the VWAPM and MUTCD cannot support a claim of negligence per se. The VWAPM replaced the MUTCD regarding temporary traffic control so only the VWAPM is at issue. (Def's Ex. 2, Dkt. No. 79-2.) In relevant part, the VWAPM states that it "is not a substitute for good engineering judgment" and "is not intended to establish a legal requirement." (Def's Ex. 1, Dkt. No. 79-1.)

6

Further, the VWAPM is intended to "furnish information and guidance." (*Id.*) It is clear that the VWAPM was not intended to create a statutory standard of care. Thus, Powell cannot rely on it to establish negligence per se.

### 3. Common Law Negligence

In Virginia, "[t]he elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Service Corp. of Va. v. Saxon Shoes, Inc.* 624 S.E.2d 55, 62 (Va. 2006). "Generally, issues of negligence and proximate causation are questions of fact for the jury's determination." *Kellermann v. McDonough*, 684 S.E.2d 786, 793 (Va. 2009) (citations omitted). Boxley argues that there is no genuine dispute of material fact that any inadequacy in the end-of-day signage was the proximate cause of Powell's accident.

As explained previously, there is a genuine dispute of material fact as to exactly how and where the accident occurred. Even after a full review of the briefing and oral argument, the record, and the Ride Along Video, this court cannot decipher what happened. While there is no dispute that there was some signage, it is disputed whether additional signage was present or necessary. Powell contends that there should have been a "Bump" sign or an "Uneven Lane" sign present at the scene. Ultimately, the condition of the road at the time and whether the signage was adequate or inadequate is not a determination for this court to make—it is a quintessential question of fact fit for determination by a jury.

\*\*\*

Because there is clearly a genuine dispute of material fact as to both Boxley's negligence and Powell's contributory negligence, the court will deny Boxley's motion for summary judgment.

III. CONCLUSION

For the reasons stated herein, the court will deny defendant's motion for summary judgment. The court will enter an appropriate order.

Entered: November 30, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge