IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD POWELL, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>BOXLEY MATERIALS COMPANY, )<br>)<br>   Defendant. ) | Civil Action No. 7:19-cv-00189<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

The trial of this case is scheduled for four days, beginning December 7, 2021. The parties have filed objections to exhibit and witness lists and to designations and counter-designations of deposition testimony. A pre-trial conference was held on December 1, 2021, wherein in the court ruled on many of the issues. Some objections were taken under advisement, and this opinion and order addresses those matters.[1]

**I. WITNESSES**

Plaintiff objects to certain expert witnesses again on the same grounds as set forth in motions to exclude heard by the court prior to the pre-trial conference. The court announces its rulings on those motions, and they are the subject of a separate opinion.

At an earlier hearing, defendant requested that witness Blevins (who is not longer employed by defendant and has moved to Florida) be allowed to testify by videoconference. At the pre-trial conference, defendant requested that two additional witnesses be allowed to testify by videoconference. Witness Lyden is one of defendant's expert witnesses, and he is also scheduled to testify in another trial in Ohio. Witness Pettry is on both witness lists and appears

---

[1] Of course, the court may revisit some of these rulings at trial, depending on the evidence elicited and the context in which the evidence is offered.

to either live or work in nearby Lynchburg, Virginia.  Defendant believes that Pettry will not want to comply with the court's COVID-19 mask requirements.  Given the circumstances, the court will allow witness Blevins and expert witness Lyden to testify by videoconference, finding no prejudice to plaintiff, and **ORDERS** the same.  Because witness Pettry is nearby and having been provided with no medical reason that he cannot comply with the court's mask requirements, or face shield requirements while testifying, the court **ORDERS** that he appear in person if he has been properly subpoenaed.

## II.  DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS

The parties resolved most of the objections to deposition designations and counter-designations on their own.  The court addresses the remaining objections below.

1. <u>Witness Dr. Cognetti</u> – defendant objects to portions of the deposition testimony of Dr. Cognetti, a board-certified internist who served and/or serves as plaintiff's primary care physician.  The objections concern the qualifications and opinion of Dr. Cognetti related to the cause of any worsening of plaintiff's mitral valve regurgitation.  Dr. Cognetti is not a board-certified cardiologist, and her only role regarding plaintiff's mitral valve regurgitation/prolapse was to monitor it.  She did not care for or treat him directly for the heart condition for which he subsequently had surgery.  Other health care providers provided her with reports regarding this condition.  She admitted that the valve issue is primarily followed by the cardiologist.

While a physician who is board certified in internal medicine may be able to qualify to give an opinion regarding a cardiac matter, there has been no information provided to the court to indicate that Dr. Cognetti has any specialized training or experience with plaintiff's condition such that she could be qualified as an expert.  For this reason, she is not qualified to render an opinion on the cause of any worsening of plaintiff's mitral valve regurgitation.  Thus,

the court **SUSTAINS** the objection to the deposition designations and counter-designations related to that issue. The court further notes that even if she had been deemed an expert for this purpose, she would not be permitted to testify regarding causation because she makes clear that she is speculating. She first notes that it is only possible that the worsening of the condition is related to the motorcycle accident. She then states that it is probable, but, when pressed about that opinion, she again notes that it is only possible.

    2. <u>Witness McLlvaine</u> – defendant objects to plaintiff's counsel's question on page 33, line 16, of the deposition transcript wherein counsel used the word "defect" to characterize the pavement. The court notes that a contemporaneous objection was made at the time of the question. Because the characterization is argumentative, the court will **SUSTAIN** the objection and strike the words "to cover up the defect" from that question. The question, as amended, and the answer to the question may remain. Defendant also requested that the word "defect" be excluded from use by counsel at trial. The court **DENIES** that request without prejudice, and a contemporaneous objection may be made at trial if appropriate.

### III. EXHIBITS

Each party objected to some of the other party's exhibits, and many of those objections were resolved before or at the hearing. The court does not address those objections here. The court reserved some objections, especially objections based upon foundation and relevance, for trial. The parties are welcome to contemporaneously object regarding those exhibits at trial as appropriate.

Additionally, the parties were encouraged to stipulate and contemplated stipulations regarding certain matters to streamline the evidence and exhibits. The court welcomes stipulations, but it assumes that none were reached in making the following rulings.

A. Plaintiff's Exhibits

    1. Exhibit 4 (Boxley Subcontract No. 57008002) – defendant's objection to this exhibit is **OVERRULED** without prejudice. Depending upon the evidence at trial, this exhibit may be relevant and may not be hearsay evidence. It appears that there may be testimony that Boxley's employees did not place end of day signs at or near the worksite because they believed that another entity was responsible for doing so.

    2. Exhibit 14 (Police Crash Report dated 9/20/2017) – defendant's objection to this exhibit is **SUSTAINED**. The court understands that the officer who wrote the report will be called as a witness, and he may testify about his observations and actions. The report may be used to refresh his memory, if needed. The specific portions of the report that plaintiff wishes to have admitted would be excluded by the court, even if the report were admissible, as unduly prejudicial conclusions and/or opinions.

    3. Exhibit 53 (Virginia Supplement to the 2009 Manual on Uniform Traffic Control Devices ("MUTCD") – portions) – it appears that there has been some deposition testimony in this case by at least one of Boxley's employees that Boxley employees rode through the work area at the end of the day and confirmed that all signs were in place. This same employee testified that Boxley was required to follow the Virginia Work Area Protection Manual (a portion of which is the MUTCD). It also appears that there are some cases (federal[2] and

---

[2] *See, e.g., Lawes v. CSA Architects & Engineers LLP*, 963 F.3d 72, 106 (1st Cir. 2020); *Stonehocker v. Gen. Motors Corp.*, 587 F.2d 151, 157 (4th Cir. 1978); *Fisher v. United States*, No. 118CV00255MOCWCM, 2020 WL 7405801, at *7 (W.D.N.C. Dec. 17, 2020); *Miciotto v. Brown*, No. CIV.A. 02-1485, 2003 WL 22326559, at *6–7 (E.D. La. Oct. 6, 2003); *Quinn v. United States*, 312 F. Supp. 999, 1005 (E.D. Ark. 1970).

Virginia[3] state cases) wherein the MUTCD (national[4] or state supplements[5]), or testimony about it, was admitted into evidence, especially with reference to "standards" versus "options". For these reasons, the court **OVERRULES** defendant's objection without prejudice.

    4. Exhibit 64 (Boxley Employment Safety Manual) – defendant objects to this exhibit as an internal guideline that is not admissible pursuant to the reasoning of *Pullen v. Nickens*, 310 S.E.2d 452 (Va. 1983). Under the reasoning of Pullen, and its progeny, the court **SUSTAINS** this objection.[6]

    5. Exhibit 69 (Boxley's Responses to Request for Admissions dated 2/4/2021) – defendant objects to its responses to request for admissions as to relevance and as hearsay. Defendant also notes that it objected to some of the requests. To the extent that the responses are relevant, given the issues at trial, the objection is **OVERRULED** except as to requests to which defendant objected contemporaneously. The court will not endeavor to consider those contemporaneous objections, but it will reserve ruling on those matters if plaintiff seeks to offer certain of those admissions at trial. A statement by an opposing party is not hearsay under Rule 801(d)(2) of the Federal Rules of Evidence.

B. <u>Defendant's Exhibits</u>

    1. Exhibits 1, 2, and 3 (Complaint, Amended Complaint, and Notice of Claim) – plaintiff objects to his pleadings and notice of claim on the basis that they are just allegations

---

[3] *See, e.g., Selective Ins. Co. of Am. v. Bratton*, 88 Va. Cir. 139, Nos. CL10-1395, 11-1367 (Roanoke County Circuit Court) (Apr. 8, 2014).

[4] The court does not have sufficient information to determine if the provisions of 23 C.F.R. § 655.603 apply to this case.

[5] By statute or regulation, it may be that the MUTCD may be considered regardless of any contractual obligation or *Pullen v. Nickens*, 310 S.E.2d 452 (Va. 1983), but the parties have not adequately briefed this matter for the court to make a determination.

[6] Of course, certain testimony or other evidence may open the door to the admissibility of portions of this document. Plaintiff may tender portions of the document if that happens.

and that a pleading is not evidence. He further objects to the notice of claim as not relevant and confusing to the jury. At the hearing, plaintiff also notes that these documents were prepared by counsel and not by plaintiff. Federal Rule of Evidence 801(d)(2) states that statements by an opposing party are not hearsay if the statement "was made by a person whom the party authorized to make a statement on the subject" or "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." An attorney, retained for purposes of representing someone on a claim or lawsuit, is, of course, an agent of the client regarding that matter within the scope of that relationship. While it may be that the entirety of the pleading or notice of claim may not be admissible for some reason, plaintiff has not cited to any rule that excludes pleadings as evidence in a case.[7] Following a review of the notice of claim, the court discerns no confusion that would result from admission of the document. For these reasons, the objection is **OVERRULED**.

Entered: December 3, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[7] As applicable to all parties in this case, "A party [] cannot advance one version of the facts in its pleadings, conclude that its interest would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984). "The law is quite clear that such pleadings constitute the admissions of a party-opponent and are admissible…." *Id*. (internal citations omitted). Of course, stipulations by the parties may make certain matters irrelevant at trial.