IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD POWELL | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00189 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BOXLEY MATERIALS COMPANY | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Richard Powell alleges a claim for negligence against defendant Boxley Materials Company (Boxley) resulting from a single-vehicle motorcycle accident on Route 11 in Buchanan, Virginia. Powell alleges that Boxley failed to adequately warn him of a dangerous condition in the road created by Boxley's paving and milling operations on the relevant stretch of road.

Before the court are the following motions:[2] (1) Boxley's motion to exclude Powell's expert John Griffin, M.D. (Dkt. No. 138)—this motion will be GRANTED; (2) Powell's supplemental motion to exclude Boxley's expert Allen Ciuffo, M.D. (Dkt. No. 173)—this motion will be GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART; (3) Powell's motion to exclude Boxley's expert Allen Ciuffo, M.D. (Dkt. No. 136)—this motion will be DENIED as MOOT; (4) Boxley's motion to exclude Powell's expert Andrew Ramisch (Dkt.

---

[1] The amendment is to clarify that Powell's supplemental motion to exclude Ciuffo (Dkt. No. 173) is granted in part and taken under advisement in part.

[2] The court held a hearing on nine motions on November 22, 2021. (Dkt. No. 192.) At the hearing, the court ruled on several motions. For the reasons stated on the record, the court granted Powell's motion to exclude his videotaped deposition (Dkt. No. 115), denied Powell's motion to exclude Boxley's expert Thomas Lyden (Dkt. No. 117), and denied Boxley's motion to bifurcate (Dkt. No. 162). (Dkt. No. 193.) The court subsequently granted Boxley's motion to correct a misnomer (Dkt. No. 179) by oral order. (Dkt. No. 220.)

No. 111)—this motion will be GRANTED IN PART and DENIED IN PART; and (5) Powell's motion to exclude Boxley's expert Robert Sugarman, PhD (Dkt. No. 119)—this motion will be DENIED.

## I.  BACKGROUND

In February 2017, defendant Boxley entered a contract with the Virginia Department of Transportation (VDOT) to provide milling and paving on Route 11. (Contract, Pl. Ex. A, Dkt. No. 75-1.) The contract required that all work be in accordance with the Virginia Work Area Protection Manual (VWAPM) and the Virginia Supplement to the Virginia Manual for Uniform Traffic Control Devices (MUTCD). (*Id.* at 49.) The contract also required Boxley to place "end of day" signage to warn drivers of the ongoing construction. (*Id.* at 66.) More specifically, the contract required the following warning signs: "Bump"; "Uneven Lanes"; "Road Work Ahead"; "Stay in Lane." (*Id.* at 68.)

The project consisted of milling out a section of road and then repaving it. (McWane Dep. 59, Def's Ex. 3, Dkt. No. 68-3.) In the interim, a two-inch drop would exist between the milled and unmilled sections of the road. (Light Dep. 37–38, Def's Ex. 5, Dkt. No. 68-5.) On the day of Powell's accident, Boxley was engaged in milling and paving the right lane of the two-lane road northbound on Route 11. (*Id.* at 40.) The right lane was left with approximately half a mile of milled road at the end of the day. (*Id.*) Boxley placed some end-of-day signage. (*See e.g.,* Ride Along Video 1:14.)

On September 20, 2017, Richard Powell took a detour on Route 11. (Powell Dep. 233–34, Def's Ex. A, Dkt. No. 68-1.) Powell, travelling in the left lane of the two-lane road on his motorcycle, noticed a "Road Work Ahead" sign, a merging lane sign, and street signs. (*Id.* at

242, 263; Ride Along Video³ 2:00.) Powell felt a change from smooth pavement into milled road. (Powell Dep. 242, 272, Def's Ex. A, Dkt. No. 68-1.) Powell rode on the milled road for "a second" until the front wheel of his motorcycle hit "a ridge," which he believes was the juncture of the milled portion of the road and the unmilled pavement. (*Id.* at 272, 350.) The motorcycle shook, and Powell flew over the handlebars. (*Id.* at 272.) He sustained serious injuries.

Just over one year after the accident, Powell underwent surgery to repair his mitral valve. Powell was first diagnosed with mitral valve prolapse and mitral regurgitation in 2013, four years before the accident.

## II. DISCUSSION

**A. Boxley's Motion to Exclude John Griffin, M.D. (Dkt. No. 138)**

Powell disclosed his intent to use John Griffin, M.D. as an expert witness testifying to damages. His testimony concerns whether Powell's mitral valve surgery in 2018 was causally related to the 2017 accident. Boxley moves to exclude Griffin pursuant to Federal Rule of Civil Procedure 37(c)(1).

Rule 37(c)(1) provides the following:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 26, in relevant part, requires that a party disclose any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). Further, the rule provides that the

---

³ A firefighter with the Buchanan Volunteer Fire Department videorecorded the trip from the fire station to the accident scene. The parties stipulated to the authenticity and admissibility of the Ride Along Video.

3

disclosure must be accompanied by a written report that has been prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The rule requires that the report contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Boxley argues Griffin's disclosure was untimely and it was incomplete because it did not provide a list of cases where Griffin provided expert testimony. Boxley contends this delay and omission were not "substantially justified or [] harmless" and Griffin should be excluded.

In the court's most recent scheduling order, it ordered "Plaintiff's disclosure of experts regarding injuries claimed by Plaintiff are due no later than August 1, 2021 [a Sunday]." (Dkt. No. 77.) On August 2, 2021, in his responses to discovery, Powell identified Griffin as an "expert in the field of cardiology and will testify that the mitral valve surgery…was directly related to the trauma sustained in the motorcycle accident…." (Def's Ex. A, Dkt. No. 139-1.) Powell provided a "Substance of Facts" that explained the underlying basis for Griffin's opinion and a five paragraph "Summary of Opinion." (*Id.*) No report was provided on that date. Powell did not provide Griffin's report (Dkt. No. 131) until October 14, 2021, one day before Boxley's scheduled deposition of Griffin. The report did not provide a list of cases where Griffin provided

4

expert testimony.[4] It is clear that Powell did not comply with Rule 26. His initial disclosure of Griffin was a day late, but, more importantly, that disclosure was not "accompanied by a written report—prepared and signed by the witness…." Fed. R. Civ. P. 26(a)(2)(B).

Boxley moves to exclude Griffin's testimony under Rule 37; however, this court has explained that a failure to comply with a scheduling order is more properly analyzed under Federal Rule of Civil Procedure 16(f). *See Thompson v. United States*, Civil Case No. 7:14-cv-00092, 2015 WL 2412249, at *4 (W.D. Va. May 21, 2015). Rule 16(f), in relevant part, provides that a court may issue orders, "including those authorized by Rule 37(b)(2)(A)(ii)–(vii)," if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Under Rule 16(f), a court enjoys "considerable discretion in determining whether to permit an expert, who is designated after the scheduling order deadline for doing so, to testify." *Thompson*, 2015 WL 2412249, at *4 (quoting *Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 377 (D.Md. 1999)). In determining whether to impose sanctions, the court considers four factors: "(1) the reason for failing to name the witness [or failing to complete expert reports]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[5] *Id.* (internal quotations omitted).

Powell explains the reason the report was untimely is because of counsel's inadvertence and the fact that Griffin had not provided expert testimony before. At his October 15, 2021

---

[4] Following the hearing on this motion, by order of the court, Powell provided an updated Rule 26(a)(2) expert disclosure. (Dkt. No. 188.) In that disclosure, Powell explained that Griffin does not maintain a list of cases where he has provided expert testimony; however, the initial report did not provide that fact.

[5] As noted in *Thompson*, "[t]hough the court chooses to apply Rule 16(f) here, it would nevertheless reach the same result if it were to apply Rule 37(c) instead, since 'the test for both rules is substantially the same.'" *Thompson v. United States*, Civil Action No. 7:14-cv-00092, 2015 WL 2412249, at *4 n.5 (W.D. Va. May 21, 2015) (quoting *Scott v. Holz–Her, U.S., Inc.*, Civil Action No. 6:04–cv–68, 2007 WL 3171937, at *1 n.1 (W.D.Va. Oct. 26, 2007)).

deposition, Griffin stated he drafted his report three days prior and "could have written a report six or eight weeks [prior]." (Griffin Dep. 6:4, 6:16, Def's Ex. B, Dkt. No. 139-2.) Powell admits that he retained Griffin in "the spring of 2021" and paid him for his report on July 23, 2021, all prior to the deadline imposed by the scheduling order. (Dkt. No. 140 at 2.) Yet, the report was provided over two months past the deadline. The court finds no justifiable reason for Powell's untimely disclosure.

While Griffin's testimony is important as he is Powell's only expert testifying to the issue of causation related to his mitral valve surgery, the importance of Griffin's testimony is outweighed by the prejudice to Boxley. Because Boxley complied with the scheduling order in disclosing their expert regarding injuries—its deadline was September 1, 2021—Boxley's expert did not have a chance to review and opine on Griffin's report. Further, the report was provided *one day* before Boxley's scheduled deposition of Griffin. As this court has explained, "the opposing party often plans carefully for examination in advance of the deposition, relying upon the expert's report and consultation with that party's own experts. An immediate examination, without consultation and careful planning and review, regarding new opinions or materials, is not an adequate or fair substitute." *Kellington v. Bayer Healthcare Pharms., Inc.*, Civil Case No. 5:14-cv-2, 2016 WL 4535056, at *8 (W.D. Va. Aug. 30, 2016); s*ee also*, *Samsung Elecs. Co., Ltd. v. Nvidia Corp.*, 314 F.R.D. 190, 198 (E.D. Va. 2016) ("[N]otice at a deposition is insufficient to cure a failure to disclose materials that ought to have been included in the expert report because disclosure in the right form (complete) and at the right time (with the expert report, before the expert's deposition) is critical to an opposing party's ability to engage in meaningful expert discovery.") Further, given that this case originated in 2019, has been

continued several times, and the trial is days away, the court finds there is no availability for a continuance.

Powell clearly flouted the requirements of this court's scheduling order and Rule 26 resulting in prejudice to Boxley. Thus, the court grants Boxley's motion to exclude John Griffin, M.D.

### B. Powell's Motions to Exclude Allen Ciuffo, M.D. (Dkt. Nos. 136, 173)

Boxley identified Allen Ciuffo, M.D. as an expert witness testifying to damages. (Dkt. No. 92.) Like Powell's expert Griffin, Ciuffo's testimony centers around Powell's mitral valve surgery and its connection to the 2017 accident. Powell moves to exclude Ciuffo under Federal Rule of Evidence 702, arguing that his report is unreliable, and he also moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure.[6]

In Ciuffo's report, he states he "reviewed the relevant medical records of [Powell], as well as echocardiograms in disc format and a summary of his medical bills. All opinions expressed below are based upon my review of these materials along with my training, education and experience in the field of cardiology." (Dkt. No. 92-1.) Powell deposed Ciuffo on November 11, 2021. At his deposition, Ciuffo testified that a medical chronology, provided and prepared by Boxley's counsel, "is the only medical record I have on which to base my opinions, in addition to the echocardiograms that I have." (Ciuffo Dep. 6:9–11, Pl's Ex. C, Dkt. No. 174-3.) Ciuffo then confirmed that he did not have any other medical records. (*Id.* at 6:12–22.)

The court finds that the disclosure of Ciuffo is incomplete and inaccurate under Rule 26, which requires "the facts or data considered by the witness in forming [their opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). Here, Ciuffo's report clearly mischaracterizes the facts and data he

---

[6] The court is taking the motion for sanctions under advisement.

considered in forming his opinions. A medical summary prepared by defendant's counsel, however accurate or extensive, is not akin to reviewing "the relevant medical records" themselves.[7] Additionally, the disclosure failed to provide a list of cases where Ciuffo has provided expert testimony and a compensation schedule. Fed. R. Civ. P. 26(a)(2)(B)(v)–(vi).

As mentioned previously, the court considers four factors on whether to exclude Ciuffo for an incomplete or mischaracterized disclosure. Boxley provides no justifiable excuse for this error. Boxley's counsel contends that he sent Ciuffo the medical records in November of 2020 (Def's Ex. C, Dkt. No.184-3); however, it is unclear what files are attached to the email, and it is clear based on Cuiffo's deposition testimony that he did not rely on any of those records. As mentioned, a continuance is not available in this case, and while Boxley subsequently cured the failure to provide a list of cases and a compensation schedule, Powell has already deposed Ciuffo based on the misleading report. He has clearly suffered prejudice. Again, "the opposing party often plans carefully for examination in advance of the deposition, relying upon the expert's report…An immediate examination, without consultation and careful planning and review, regarding new opinions or materials, is not an adequate or fair substitute." *Kellington v. Bayer Healthcare Pharms., Inc.*, Civil Case No. 5:14-cv-2, 2016 WL 4535056, at *8 (W.D. Va. Aug. 30, 2016).

On balance, these factors clearly result in the exclusion of Ciuffo. Because the court is granting Powell's supplemental motion to exclude, his first motion to exclude (Dkt. No. 136) is denied as moot.

---

[7] The court recognizes that it is not an uncommon practice for counsel to prepare a medical records' summary for his or her client's expert witness. However, the report, to be accurate and complete, should state that the expert relied upon the summary – not the records. Deposition preparation and questioning for the two situations is likely to be quite different.

### C. Boxley's Motion to Exclude Andrew Ramisch (Dkt. No. 111)

Powell identified Andrew Ramisch to serve as an expert witness as to Boxley's liability. Andrew Ramisch is a licensed professional engineer and a certified professional traffic operations engineer. (Pl's Ex. C, Dkt. No. 121-3.) Boxley moves to exclude Andrew Ramisch's testimony on two grounds: (1) Powell failed to properly disclose Ramisch pursuant to Rule 26 and (2) Ramisch's testimony is inadmissible under Federal Rule of Evidence 702, *Daubert v. Merrell Doe Pharm, Inc.*, 509 U.S. 579, 595 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

#### 1. Rule 26

Powell provided an initial report from Ramisch on January 27, 2020, and a supplemental report on July 13, 2021. Boxley contends that the disclosure of Ramisch violates the requirements of Rule 26(a)(2)(B) because it failed to provide Ramisch's qualifications, namely his curriculum vitae (CV), a list of cases where Ramisch has provided expert testimony, and a statement of compensation. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi).

The first objection is without merit. While there was no CV attached to the docketed supplemental report (Pl's Ex. F, Dkt. No. 75-6), Powell clearly provided Ramisch's CV in discovery. Boxley's own expert, in a report dated December 15, 2020, stated he had been provided with Ramisch's CV. (Dkt. No. 52-1.) Although Boxley did have access to Ramisch's CV, the CV was incomplete as it did not provide a case list, and Powell did not provide a compensation schedule—both omissions violate Rule 26(a)(2)(B).

Once again, the court analyzes this failure under Rule 16(f) of the Federal Rules of Civil Procedure. Powell provides no justification for the failure to complete the disclosure, and there is no possibility of a continuance in this case. Ramisch's testimony is clearly of importance as

9

he is the only expert Powell has produced as to liability. Given that, the failure to completely disclose could clearly result in prejudice to Boxley. Although Boxley did not depose Ramisch, "[e]very litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can…." *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006).

Powell subsequently provided a case list and compensation schedule within twenty-four hours of the hearing on the motion. (Dkt. No. 187.) While his disclosure was still untimely, in light of the importance of Ramisch's testimony, the unavailability of a continuance, and the subsequent attempt to cure, the court finds that the entire exclusion of Ramisch is not warranted.

### 2. Rule 702 and *Daubert*

Federal Rule of Evidence 702 and the standards established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern admissibility of expert testimony. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Before considering whether a proffered expert's testimony is reliable, the court first determines whether the witness qualifies as an expert. A witness may qualify as an expert on the

basis of "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The expertise must relate to the areas in which the expert is expressing opinions. *See Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 800 (4th Cir. 1989). Exclusion should occur only where all bases for expertise are lacking regarding the issue for which the opinion is offered, and a proffered expert "need not be precisely informed about all details of the issues raised in order to offer an opinion." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (quoting *Thomas J. Kline, Inc.*, 878 F.2d at 799).

After ensuring that an individual qualifies as an expert, this court has an obligation under *Daubert* to act as a gatekeeper and ensure that any testimony concerning scientific, technical, or other specialized knowledge offered in support of a party's claim is "not only relevant, but reliable." 509 U.S. at 589; *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting same). The proponent of the testimony must establish admissibility, although the proponent need not prove that the expert's theory is correct. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001); *Md. Cas. Co. v. Therm–O–Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998). First, the trial court must ask whether proffered scientific evidence is valid and reliable. *United States v. Barnette*, 211 F.3d 803, 815 (4th Cir. 2000). Second, the court asks whether the evidence will help the trier of fact, which is generally a question of relevance, or "fit." The court must ask if, assuming the evidence is reliable, it will "assist the trier of fact to understand or determine a fact in issue." *Md. Cas. Co.*, 137 F.3d at 783 (quoting *Daubert*, 509 U.S. at 592).

First, Boxley challenges Ramisch's qualifications as an expert. As mentioned previously, the thrust of the argument was that Ramisch's CV was not provided; however, Powell did provide Ramisch's CV. Ramisch is clearly qualified to opine on highway safety and traffic operations. He is a licensed professional engineer and certified professional traffic operations

11

engineer. His experience in traffic regulations and safety span the course of fifty years, and he currently serves as the president of the Product and Highway Safety Institute.

Second, Boxley contends that the following four opinions from Ramisch's supplemental report[8] are inadmissible as they are unreliable:

> 4. [Boxley] ignored several provisions of the contract by failing to provide a reasonably safe route through the work area;
> …
> 6. There were many sections of the governing documents which were ignored or violated by [Boxley];
> …
> 10. There is no evidence whatsoever that Mr. Powell did anything wrong or that there was any information available to him to perceive and react to the impending danger;
> …
> 11. Despite the fact that all deponents from the Defendants' companies testified under oath that all the required temporary traffic control devices were in place at the end of day on September 20, 2017, it is clear from the depositions of Trooper Wells, Detective Lomasney and the videotape from the front of the fire engine that responded to the incident that there were no UNEVEN LANE or BUMP signs placed along northbound Route 11 in the vicinity of whether this crash occurred.

(Dkt. No. 75-6 at 13–14.) Boxley contends that the first two opinions invade the domain of the court by engaging in contract interpretation and that the second two opinions invade the domain of the jury by making credibility determinations. Powell conceded that opinions 4 and 10 were inadmissible; however, he contests the exclusion of opinions 6 and 11.

Regarding opinion 6, as the Fourth Circuit has explained, "Contract interpretation…is generally an issue for the court, which obviously requires no expert testimony on the subject. Even when an interpretive issue requires jury resolution, the court, not an expert witness, instructs the jury regarding the law." *United States v. Spencer*, 99 F.3d 1132, at *2 (4th Cir. Oct.

---

[8] The first three opinions are also in Ramisch's initial report.

2, 1996) (Table). Ramisch cannot opine on violations on the governing documents. Thus, opinion 6 of Ramisch's report is excluded.

Regarding opinion 11, "[a]s a general rule, expert testimony that does nothing more than vouch for the credibility of another person encroaches on the fact finder's exclusive role to weigh evidence and make credibility determinations and, therefore, does not assist the trier of fact as required under Federal Rule 702." *Nowlan v. Nowlan*, Civil Case No. 00102, 2021 WL 2379815, at *40 (W.D. Va. June 10, 2021); *see also*, *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) ("The assessment of a witness's credibility, as we have explained, is 'usually within the jury's exclusive purview.' Thus, in the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of witness credibility."). Ramisch is not prohibited from stating the facts; however, to the extent that Ramisch draws credibility determinations about other testimony, it is excluded.

In sum, Ramisch will be allowed to provide expert testimony as provided in his report except as to opinions 4, 6, 10, and 11.

**D. Powell's Motion to Exclude Robert Sugarman, PhD (Dkt. No. 119)**

Boxley identified Robert Sugarman, PhD as an expert witness as to liability. Dr. Sugarman is a "Human Factors Specialist." (Sugarman CV, Dkt. No. 52-2.) Powell moves to exclude Sugarman under Federal Rule of Evidence 702.

Boxley provided an initial report from Sugarman (Dkt. NO. 52) on December 17, 2020, and a supplemental report on August 16, 2021 (Dkt. No. 94). Powell argues Sugarman's report is not expert testimony—it invades the fact-finding duties of the jury. More specifically, Powell challenges three opinions from Sugarman's report: (1) Sugarman's opinion that Powell was in the process of changing from the right lane to the left lane when the accident occurred; (2) his

13

opinion that whether the necessary signage was in place is irrelevant to the accident; and (3) his opinion criticizing Powell's expert Ramisch's report. Powell argues the first two opinions are not scientific in nature and the third opinion is simply contradiction of another expert witness, which is outside the analysis performed by a "human factors expert."

In his reports, Sugarman explains, "Human Factors is the application of data and principles of a number of scientific and engineering disciplines that help us understand and explain the behavior and performance of people as they interact with the objects, tools, and features of their environment." (Def's Ex. 1, Dkt. No. 94-1.) Notably, Powell does not contest Sugarman's qualifications. Regarding the first two of Sugarman's opinions, the reports show that he is applying the principles of physics and human factors psychology to examine a number of possible scenarios, eventually arriving at his conclusions regarding the accident. Sugarman's first two opinions are proper expert testimony.

Finally, Sugarman can provide his opinion and critique of Powell's expert Ramisch's supplemental report. The experts issued opinions on the same subject matter—Sugarman simply provides rebuttal testimony. Further, most of Sugarman's rebuttal testimony pertains to opinions this court has excluded—opinions 10 and 11.

For the reasons stated above, the court denies Powell's motion to exclude Sugarman.

### III.  CONCLUSION

For the reasons stated in this opinion, it is HEREBY ORDERED as follows:

(1) Boxley's motion to exclude Powell's expert John Griffin, M.D. (Dkt. No. 138) is GRANTED;

(2) Powell's supplemental motion to exclude Boxley's expert Allen Ciuffo, M.D. (Dkt. No. 173) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART[9];

(3) Powell's motion to exclude Boxley's expert Allen Ciuffo, M.D. (Dkt. No. 136) is DENIED as MOOT;

(4) Boxley's motion to exclude Powell's expert Andrew Ramisch (Dkt. No. 111) is GRANTED IN PART and DENIED IN PART; and

(5) Powell's motion to exclude Boxley's expert Robert Sugarman, PhD (Dkt. No. 119) is DENIED.

Entered: December 6, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[9] As noted in footnote 6 above, the court is taking the motion for sanctions under advisement. As the court explained at the final pretrial hearing on December 1, 2021, even if the court were to grant the motion, the sanction would not be a default judgment as to damages.